(42 App. Div. 423.)

### LEWIS v. MASON.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. LUNATICS—CONTRACTS FOR BOARD.

Plaintiff contracted to board and lodge a lunatic at a given rate per week. After taking his meals with plaintiff for a day or two, the lunatic, owing to some freak of his own, went to other places for his meals, but continued to lodge with plaintiff. Provision was made for his meals at all times by plaintiff. Defendant, the lunatic's committee, on learning that the meals were taken elsewhere, inquired of plaintiff what price he would ask per week for lodgings merely, and was told that, if the lunatic did not want to board with him, he did not care to bother with him. No notice was ever given by defendant terminating the contract. *Held*, that plaintiff was entitled to pay for both board and lodging during the continuance of the contract.

2. TRIAL—EXCLUSION OF EVIDENCE ALREADY GIVEN.

It is not error to exclude a question, where the same question, in another form, had already been fully answered.

3. EVIDENCE—MODIFICATION OF CONTRACT.

In an action on a contract for board of a lunatic, evidence of a conversation between plaintiff and the lunatic, to which the committee was not a party, and which did not result in a modification of the contract, is properly excluded.

Putnam, J., dissenting.

Appeal from Saratoga county court.

Action by Almon Z. Lewis against Charles Mason. On appeal from a judgment of the county court modifying a judgment rendered in justice's court for plaintiff. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Charles R. Patterson, for appellant.
King & Angell, for respondent.

PARKER, P. J. It is clear from the evidence of the plaintiff in this action that he contracted with the defendant to furnish board and lodging to the lunatic, Angell, for the price of $3 per week, and that, in pursuance of such agreement, Angell commenced to board and lodge there on April 1, 1898, and that he left on August 2, 1898. From the evidence of the defendant, it also seems clear that he agreed to pay the plaintiff $3 per week for the board and lodging of the lunatic, of whom he was committee, "if he was willing to board there, as he seemed to be," and that he moved the property of such lunatic to the plaintiff's house, and that the lunatic himself thereupon commenced to board and lodge there. Both parties conceded that he boarded there only a day or so, and then, owing to some freak of his own, went to other places to get his meals, but continued his room and lodging at the plaintiff's all the time up to August 2, 1898, and all that time provision was made by the plaintiff for the lunatic's meals, and a place was always set for him at the plaintiff's table. The plaintiff seems to have acted upon the theory that the lunatic was liable to return at any time, and that at all times he had the right so to do. Nothing was said by the lunatic as to his reason for not taking his meals at plaintiff's, nor did he ever express any intention to cease doing so. The defendant, some time after he learned that the lunatic was not taking his meals at plaintiff's, inquired of plaintiff what price he would ask per week for the lunatic's lodging merely; and the plaintiff replied that, if he did not want board there, he did not want to bother with him. No notice was ever given by the defendant to terminate the continuance of the contract for the board and lodging, and it is very clear that all the time the lunatic was lodging with the plaintiff he was there under the contract for board and lodging at $3 per week. The justice before whom the action was tried gave judgment for the plaintiff for the full number of weeks the lunatic lodged there, at the rate of $3 per week. Upon an appeal the county court modified the judgment by reducing it to $10, and as so modified gave judgment against the defendant, with $10 costs and disbursements of the appeal. From such judgment of the county court this appeal is taken.

Upon the facts before the justice, he was correct in rendering judgment for the amount which the plaintiff claimed; and his judgment should have been affirmed, unless some error was made by him in the admission or exclusion of evidence. When the plaintiff refused to fix a price for lodging the lunatic, merely, it was, in effect, a notice to the defendant that, if the lunatic stayed with him at all, it must be under the contract then existing between them. And, if the defendant was not content with that, he should have moved the lunatic and his belongings from the plaintiff's house. Until he did so, and thus terminated the contract between them, plaintiff had the right to act upon it as still existing, and to consider the defendant as liable thereon.

As to improper exclusion of evidence upon the trial, it appears that on the cross-examination of the plaintiff he was asked, in substance, if he remembered a conversation he had had with the defendant and Angell within two weeks after the contract was made, at which was discussed the price of a room. This was objected to by plaintiff's counsel "as assuming," incompetent, and that witness had already answered, and the objection was sustained. The witness had just answered that he never had a second conversation with the defendant about the price of a room without board; that "Mason never came and tried to make a second bargain for a room when Angell would not board there." The question excluded was but the same one in another form, and had already been fully answered. Afterwards the defendant, on his direct examination, had testified to a conversation between the lunatic and the plaintiff in April, soon after the goods were moved there, to the following effect: "Barclay asked him what was it that I could have a room for if I did not board there. Barclay said, 'Was it $1.50 per month?' Lewis said, 'Yes; I think so.'" It did not appear that the defendant took any part in that conversation, or even that he was present and heard it. Therefore, on plaintiff's motion, it was stricken out. Subsequently the defendant was asked by his counsel, "What was said in that conversation by you or Lewis in regard to Barclay only taking room there, and price of same?" This was excluded on plaintiff's objection, and it is this alleged error upon which the county court based its judgment. If this should be considered as the exclusion of a conversation between the defendant and Lewis, in which the price of a room was fixed, it would probably be reversible error on the part of the justice, but an examination of the record shows that it should not be so considered. It evidently refers to the same conversation which the defendant had just testified to, and which had been stricken out, and, as he then gave it, was one between the plaintiff and the lunatic only, and, as he then gave it, was clearly not an agreement on the plaintiff's part to take the lunatic as a lodger merely. It was evidently a conversation about some prior conversation had between plaintiff and the lunatic,—possibly one before the contract with defendant was made. Moreover, the defendant had just testified, on his cross-examination, that he had had three different conversations with the plaintiff only: "First, in March." That was the one when the contract was made. "Third, latter part of July." "Second, I can't fix definitely. I think it must have been the middle or latter part of June, as near as I can fix it." This was evidently the one which he had said was soon after he learned that the lunatic was not boarding with plaintiff, and in which the plaintiff told him that he did not want to bother with the lunatic unless he boarded there. From this evidence of the defendant, it is clear that the talk with Barclay was not a conversation in which the defendant took any part, or which resulted in any modification of the contract; and its exclusion was not, therefore, error for which the justice's judgment should have been reversed.

I find no error in rulings upon the trial, and therefore the judgment of the county court should be reversed, and that of the justice affirmed. All concur, except PUTNAM, J., dissenting.